

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00297-CR

———————————————————

DEONTAY MARKIEST HAMPTON, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1587878R

Before Gabriel, Kerr, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Deontay Markiest Hampton appeals from his conviction for murder. In his sole issue, Hampton argues that the trial court abused its discretion by admitting a video of his custodial interrogation because the officers' statements to him and his nonverbal conduct during the interrogation constituted inadmissible hearsay. Because the officers' statements were not admitted for their truth, self-serving, or calculated, they were not hearsay. And Hampton failed to preserve his argument directed to his nonverbal conduct. Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND

After Hampton and Lenord Glenn Byrd argued at a gas station, Byrd later appeared at Hampton's apartment complex to continue the argument. When Byrd turned his back to Hampton, Hampton shot Byrd three times, killing him. Several hours later, Hampton gave the gun he had used to Larry Wooten and told Wooten that he had shot someone. Wooten and Hampton went to the police department so Hampton could turn himself in but quickly left after Hampton asked Wooten to take him to the hospital. Wooten later returned to the police department and turned in the gun Hampton had given him. Officers found Hampton outside the hospital, smelling of alcohol, and arrested him for public intoxication.

During the investigating officers' ensuing custodial interrogation, they tried to "solicit" responses from Hampton by "bluff[ing]" (i.e., "where you may say that you have information that you don't have at that time") and by offering "choice questions

2

. . . giving the person a way out." Some of the "choice questions" probed whether Hampton acted in self-defense.[1] Hampton did not incriminate himself and denied any involvement in Byrd's murder. But based on further investigation, Hampton was charged with Byrd's murder.

Hampton filed a pretrial motion to suppress the interrogation video because it contained hearsay. At trial, Hampton again objected to the admission of the video of his custodial interrogation because it was hearsay for the following specified reasons: (1) Hampton did not incriminate himself during the interrogation and (2) the officers' statements to Hampton were self-serving because they were testifying, bolstering, and reciting evidence without questioning Hampton. The trial court overruled Hampton's objections and admitted an agreed, redacted recording of the interrogation. The jury found Hampton guilty of Byrd's murder.

## II. ADMISSION OF INTERROGATION VIDEO

On appeal, Hampton argues that the admission of the video was an abuse of discretion because it constituted inadmissible hearsay. We review the admission of evidence under an abuse-of-discretion standard, which defers to a trial court's admissibility determination if it falls within the zone of reasonable disagreement. *See*

---

[1]One example: "We got a couple statements that said this may have been self-defense, you may have been fearing that the guy was going to his trunk to get a weapon. If that's the case you need to tell us, man. Because without that, this does not look good. It's like you just go out there and kill anybody in the parking lot, man."

*Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016); *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008).

## A. DETECTIVES' STATEMENTS

Hampton first asserts that the detectives' statements on the video were inadmissible hearsay because they were made "with an eye toward future litigation." Hampton relies on *Fischer v. State* in which an officer recorded on his body and dashboard cameras a narration of his personal observations regarding a driving-while-intoxicated suspect. 252 S.W.3d 375, 376, 384–85 (Tex. Crim. App. 2008). The Court of Criminal Appeals held that this narrative was a "speaking offense report" that was "fraught with the thought of future prosecution"; thus, the recordings were not "unreflective," present-sense impressions under Rule 803(1) and should have been excluded as inadmissible hearsay. *Id.* at 381, 383–87; *see* Tex. R. Evid. 803(1).

Here, the detectives were not giving a narration of their thoughts at the crime scene, they were attempting to elicit or gauge Hampton's response. *See Scott v. State*, No. 02-14-00183-CR, 2015 WL 3523155, at *4 (Tex. App.—Fort Worth June 4, 2015, pet. ref'd) (mem. op., not designated for publication). Even though some of the statements arguably accused Hampton of lying, misrepresented what evidence the officers had at the time, or expressed incredulity regarding Hampton's explanations, the detectives' statements were not admitted for their truth and, thus, were not hearsay. *See id.*; *see also* Tex. R. Evid. 801(d)(2); *Boykin v. State*, No. 05-13-00839-CR, 2015 WL 2250115, at *6 (Tex. App.—Dallas May 12, 2015, pet. ref'd) (mem. op., not

4

designated for publication); *Humphrey v. State*, No. 01-08-00820-CR, 2012 WL 4739925, at *2 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op., not designated for publication).

Hampton next argues that the detectives' statements were inadmissible hearsay because they were self-serving. In the context of a defendant's self-serving statements during an interrogation, the Court of Criminal Appeals has held that they generally "are not admissible in evidence as proof of the facts asserted." *Allridge v. State*, 762 S.W.2d 146, 152 (Tex. Crim. App. 1988). An underpinning for this general rule is to prevent situations where a defendant can place his version of the facts before the jury through his self-serving, hearsay statements without being subject to cross-examination. *See, e.g.*, *Greene v. State*, No. 07-10-0284-CR, 2011 WL 1403167, at *3 (Tex. App.—Amarillo Apr. 13, 2011, pet. ref'd) (mem. op., not designated for publication). That concern is absent here. Even were we to apply the self-serving prohibition to a detective's statements made during a custodial interrogation, the detectives testified at trial and were subject to cross-examination.

We conclude that the trial court did not abuse its discretion by overruling Hampton's hearsay objections and admitting the detectives' statements made during the custodial interrogation.

### B. HAMPTON'S NONVERBAL CONDUCT

Hampton contends that his nonverbal conduct on the video was hearsay, rendering the video inadmissible. At trial, Hampton argued only that the detectives'

statements on the video constituted hearsay.[2]  He made no argument that his nonverbal conduct or demeanor during the interrogation was also hearsay.  As such, he has failed to preserve this argument for our review.[3]  *See* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(1).

## III.  CONCLUSION

The officers' statements during Hampton's custodial interrogation were not hearsay because they were not offered for their truth and did not constitute self-serving testimony.  Hampton did not preserve any hearsay objection directed to his demeanor on the video.  Thus, the trial court did not abuse its discretion by overruling Hampton's hearsay objections and admitting the video of the custodial interrogation.  We overrule Hampton's issue and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

---

[2]Hampton mentioned his "demeanor"—"yawning, . . . got his head in his hands, [and] mumbling"—but that was in the context of his separate voluntariness challenge, not in the context of his hearsay objection to the admission of the video. Hampton did not clearly argue, even when viewing the entire context of the objection, that his demeanor on the video was inadmissible hearsay.

[3]Even if preserved, Hampton makes no argument that his nonverbal conduct was "intended as a substitute for verbal expression" and, thus, fails to establish that any such conduct constituted a statement for purposes of the hearsay rule. *See* Tex. R. Evid. 801(a), (d).  Further, we agree with the State that Hampton's nonverbal conduct was not hearsay because it was offered as an opposing party's statement. *See* Tex. R. Evid. 801(e)(2)(A).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 17, 2020